# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

DANIEL SAQUIL-OROZCO,

    Petitioner,

vs.

UNITED STATES OF AMERICA,

    Respondent.

No. C 13-4085-MWB
(No. CR 12-4016-MWB)

**MEMORANDUM OPINION AND ORDER REGARDING MOTION FOR RECONSIDERATION [PURSUANT TO] FED. R. CIV. P. 59(E)**

_____

This case is before me on petitioner Daniel Saquil-Orozco's July 8, 2015, Motion For Reconsideration [Pursuant To] FED. R. CIV. P. 59(e) (Motion For Reconsideration) (docket no. 24). In his Motion For Reconsideration, Saquil-Orozco challenges my June 17, 2015, Memorandum Opinion And Order Regarding Petitioner's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct A Sentence (Ruling On § 2255 Motion) (docket no. 22). In the challenged ruling, I denied Saquil-Orozco's September 4, 2013, Motion For Vacation Of Sentence Pursuant To 28 U.S.C. § 2255 (§ 2255 Motion) (Civ. docket no. 1) in its entirety and denied him a certificate of appealability. Saquil-Orozco now argues that reconsideration is appropriate, because (1) I failed to give a meaningful ruling on the *Brady* violation that he claimed; and (2) he is entitled to § 2255 relief, because I improperly participated in the plea negotiations that led to his conviction. The respondent did not file any response to Saquil-Orozco's Motion For Reconsideration.

As the Eighth Circuit Court of Appeals has explained, "The Federal Rules of Civil Procedure do not account for 'motions to reconsider.'" *Nelson v. American Home Assur. Co.*, 702 F.3d 1038, 1043 (8th Cir. 2012); *accord Hallquist v. United Home Loans, Inc.*, 715 F.3d 1040, 1044 n. 2 (8th Cir. 2013) ("[T]he Federal Rules of Civil Procedure do not contemplate a 'motion to reconsider.'"); *Ackerland v. United States*, 633 F.3d 698,

701 (8th Cir. 2011) ("[W]e have discouraged the use of a self-styled motion to reconsider 'that is not described by any particular rule of federal civil procedure.' " (quoting *Sanders v. Clemco Indus.*, 862 F.2d 161, 168 (8th Cir. 1988)). Nevertheless, courts "typically construe such a filing as a Rule 59(e) motion to alter or amend the judgment or as a Rule 60(b) motion for relief from judgment." *Ackerland*, 633 F.3d at 701 (citing *Auto Servs. Co. v. KPMG, L.L.P.*, 537 F.3d 853, 855 (8th Cir. 2008)); *accord Hallquist*, 715 F.3d at 1044 n. 2 (also noting that "motions to reconsider" are "treated as a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e)") (citing *Auto Servs Co.*, 537 F.3d at 855)). "While it is sometimes difficult to discern whether a motion to reconsider arises under Rule 59(e) or Rule 60(b)," Saquil-Orozco has expressly identified Rule 59(e) as the basis for his Motion For Reconsideration, and, in any event, in his case as in *Ackerland*, "the distinction makes no difference here." *Id*.

 Rule 59(e) provides only that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." FED. R. CIV. P. 59(e). As to grounds for such relief, the Eighth Circuit Court of Appeals has explained that Rule 59(e) is not the proper vehicle to raise new arguments. *See Concordia College Corp. v. W.R. Grace & Co.*, 999 F.2d 326, 330 (8th Cir. 1993); *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988). Rather, its proper, limited purpose is "correcting 'manifest errors of law or fact or to present newly discovered evidence.'" *Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills*, 141 F.3d 1284, 1286 (quoting *Hagerman*, 839 F.2d at 414); *accord United States ex rel. Raynor v. National Rural Utils. Co-op. Fin. Corp.*, 690 F.3d 951, 948 (8th Cir. 2012) ("'Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact. . . .'" (quoting *United States v. Metropolitan St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006)). Even though a Rule 59(e) motion may be based on "newly discovered evidence," it "cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *Id*.

(citing *Hagerman*, 839 F.2d at 414). Rule 59(e) also cannot be used to assert a completely different legal theory. *Schoffstall v. Henderson*, 223 F.3d 818, 827 (8th Cir. 2000). A district court has "broad discretion" in deciding whether or not to grant a Rule 59(e) motion. *Raynor*, 690 F.3d at 948.

Saquil-Orozco's first challenge to my Ruling On § 2255 Motion is a proper Rule 59(e) challenge, in that it asserts that my ruling on his § 2255 Motion contained manifest errors of law or fact, because it provided no "meaningful ruling on the *Brady* violation" that he claimed. *See Raynor*, 690 F.3d at 948 (explaining the function of a Rule 59(e) motion); *Innovative Home Health Care, Inc.*, 141 F.3d at 1286 (same). That challenge is without merit, however. Notwithstanding that I found that Saquil-Orozco could not overcome procedural default of his *Brady* claim, I still considered that claim on the merits. *See* Ruling On § 2255 Motion at 23-26. More specifically, Saquil-Orozco contends that the trial transcript does not show any cross-examination of a police officer after his recantation of his identification of the suspect as "bald"—which Saquil-Orozco was not. Saquil-Orozco is simply wrong. As I pointed out in the Ruling On § 2255 Motion, when trial counsel learned of the discrepancy between the police officer's report and his trial testimony about whether or not the suspect was "bald," trial counsel both engaged in adequate efforts to impeach the prosecution's case on the basis of the discrepancy and moved for a mistrial. *Id*. at 24-25. I had also previously noted that the officer had explained, in his trial testimony, that the incorrect reference to the suspect being bald in his report was likely the result of either his misstatement or a faulty transcription of his recorded oral dictation. *See id*. at 3 (citing Trial Transcript at 300:8-307:23). I also considered and rejected Saquil-Orozco's contention that he was prejudiced by the alleged *Brady* violation. *Id*. at 25-26. Thus, Saquil-Orozco's first ground for reconsideration is denied.

Saquil-Orozco's second challenge to my Ruling On § 2255 Motion is that I improperly participated in the plea negotiations that led to his conviction. In contrast to

his first challenge, this second one is not a proper Rule 59(e) challenge. Rather, it plainly and improperly attempts to raise new arguments, *see Concordia College Corp.*, 999 F.2d at 330; *Hagerman*, 839 F.2d at 414, and tender new legal theories for § 2255 relief, *see Schoffstall*, 223 F.3d at 827. Indeed, because it attacks more than "'some defect[s] in the integrity of the federal habeas proceedings,'" where it seeks a second chance to have the merits determined favorably on the basis of an entirely new claim of error in the trial court, it is not properly an argument for reconsideration at all, but potentially a second or successive § 2255 motion. *See Ward v. Norris*, 577 F.3d 925, 932 (8th Cir. 2009) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005)).

Yet, even if Saquil-Orozco's second challenge were properly construed as a Rule 59(e) motion to reconsider, it must be denied. Assuming for the sake of argument that my comments and conduct in response to Saquil-Orozco's motion for mistrial exceeded a judge's proper "limited" role under Rule 11—which consists of "'acceptance or rejection of agreements after a thorough review of all relevant factors,'" *see United States v. Thompson*, 770 F.3d 689, 695 (8th Cir. 2014) (quoting *United States v. Gallington*, 488 F.2d 637, 640 (8th Cir. 1973))—and trespassed into the zone of "participation" by "giv[ing] an opinion as to the strength of the government's case in an effort to convince [Saquil-Orozco] to plead guilty," *see id.* (citing *United States v. Hemphill*, 748 F.3d 666, 674 (5th Cir. 2014)), Saquil-Orozco has failed to show that any error on my part affected his substantial rights. *See id.* at 696. In the context of his case, Saquil-Orozco cannot show that there was a "'reasonable probability that but for the error, he would not have entered a guilty plea.'" *Id.* (quoting *United States v. Todd*, 521 F.3d 891, 895 (8th Cir. 2008)). As I explained in my Ruling On § 2255 Motion, the possible "prejudice" at issue was to Saquil-Orozco's ability to evaluate whether to go to trial or to accept a plea agreement, in light of the alleged *Brady* violation, but any such "prejudice" was fully cured when the prosecution agreed to reoffer and Saquil-Orozco accepted the pretrial plea offer after the alleged *Brady* violation was revealed. There is not the merest hint that

4

Saquil-Orozco would have obtained some better result by continuing to a jury verdict, obtaining a completely new trial, or demanding a different plea agreement. Although he complains that he was only offered (and ultimately accepted) the same plea offer after the alleged *Brady* violation as he was offered before trial, when he was unaware of the police officer's recantation of the identification of a "bald" suspect, nothing better was on offer from the prosecution nor was anything better the least bit probable.

Finally, Saquil-Orozo has not convinced me that either his original arguments or his arguments in his Motion For Reconsideration warrant a certificate of appealability. He has not shown, and I do not believe, that any of his claims are debatable among reasonable jurists, that a court could resolve any of the issues raised in those claims differently, or that any question raised in those claims deserves further proceedings. *See* 28 U.S.C. § 2253(c)(1)(B); *Miller–El v. Cockrell*, 537 U.S. 322, 335-36 (2003); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997).

THEREFORE, petitioner Daniel Saquil-Orozco's July 8, 2015, Motion For Reconsideration [Pursuant To] FED. R. CIV. P. 59(e) (Motion For Reconsideration) (docket no. 24) is **denied in its entirety**.

**IT IS SO ORDERED**.

**DATED** this 5th day of August, 2015.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA

5